IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**CARLOS R. DE LA ROSA MEDINA,**

**Plaintiff,**

v.

**PAN PEPIN, INC.,**   Civil No. 12-2041 (GAG)

**Defendant.**

## OPINION AND ORDER

Carlos R. De La Rosa Medina ("Plaintiff") brings claims against his former employer, Pan Pepin, Inc. ("Defendant"), for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.,* and various causes of action under Puerto Rico law. Defendant moved to dismiss at Docket No. 9 and Plaintiff opposed at Docket No. 14. For the following reasons, the court **GRANTS** Defendant's motion to dismiss at Docket No. 9.

**I.     Motion to Dismiss Standard**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The court must decide whether

**Civil No. 12-2041 (GAG)**

the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555. In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678-79 (quoting Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A plaintiff need not allege sufficient facts to meet the evidentiary *prima facie* standard. Rodriguez-Reyes v. Molina-Rodriguez, No. 12-1647, 2013 WL 1173679 (Mar. 22, 2013). *Prima facie* elements "are part of the background against which a plausibility determination should be made." Id. at *4 (external citations omitted). "[T]he elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." Id.

**II.   Factual Background**

Plaintiff started working for Defendant in August 2000 as a salesman. (Docket No. 1 at 2.) He worked as a merchandise supervisor from March 2010 until his termination in August 2011. (Id. at 2, 4.) During that time, Plaintiff supervised Mrs. Sheyla Abreu ("Abreu"). (Id. at 2-5.) Plaintiff alleges that, on several occasions, Abreu acted insubordinately and ordered co-workers to perform tasks without authority. (Id.) Plaintiff met with Abreu and verbally warned her multiple times of her inappropriate behavior. (Id. at 3-4.) Following a meeting between Plaintiff and Abreu in July 2011, Abreu filed an internal sexual harassment complaint against Plaintiff. (Id.)

Plaintiff refuted the allegations, claiming that reprimanding Abreu prompted the unfounded complaint. (Docket No. 1 at 4.) Plaintiff claims that Defendant's human resources office neglected to interview any employees or investigate the matter. (Id.) Plaintiff claims Defendant failed to provide him an opportunity to defend himself or require Abreu to substantiate her claim with

2

**Civil No. 12-2041 (GAG)**

evidence. (Id.) Defendant suspended Plaintiff without pay and terminated him on August 11, 2011. (Id.)  Plaintiff claims his termination was motivated by "his participation in an investigation regarding a sexual harassment internal complaint from Mrs. Abreu against him and due to his opposition and participation against defendant's unlawful employment practices." (Id. at 5.)  This is the totality of Plaintiff's claim.

**III.    Title VII Analysis**

"To bring a civil action for employment discrimination pursuant to Title VII, an employee must first file a 'charge' with either: (1) the Equal Employment Opportunity Commission (EEOC) within 180 days of the alleged unlawful employment practice; or (2) a parallel state agency . . . within 300 days of said practice." Aly v. Mohegan Council, No. 12-1292, 2013WL 1173324, at *6 (1st Cir. Mar. 22, 2013) (external citations omitted).  "An employee may only sue in federal court if the EEOC dismisses the administrative charge, does not bring civil suit, or does not enter into a conciliation agreement within 180 days of the filing of the administrative charge." Id. at *6 (citing 42 U.S.C. § 2000e-5(f)(1)).  "Failure to exhaust this administrative process 'bars the courthouse door.'"  Id. (quoting Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2004)).   Plaintiff's filings tell the court nothing of his pursuits at the administrative level.  The court is left wondering whether Plaintiff has failed to exhaust his administrative remedies.

    A.    Discrimination

Plaintiff's claim nonetheless fails to surpass Iqbal and Twombly.  The complaint and opposition do not state, plausibly or at all, that Plaintiff satisfies the first and fourth prongs of *prima facie* Title VII assessment.  Nothing in Plaintiff's complaint indicates that Plaintiff is a member of a protected class (prong one) or that Defendant sought someone "of roughly equivalent qualifications to perform substantially the same work" (prong four).  Aly, 2013WL 1173324 at *10 (citing Rodriguez-Torres v. Caribbean Forms Mfr., Inc., 399 F.3d 52, 58 (1st Cir. 2005)).  Furthermore, Plaintiff adduces no indicia of pretext based on discriminatory animus.  The complaint lacks any details to determine that Defendant's behavior was plausibly motivated by discrimination.

**Civil No. 12-2041 (GAG)**

Plaintiff claims that Defendant's proffered explanation for termination is unworthy of credence; yet, even taken in the light most favorable to him, Plaintiff's involvement in a sexual harassment investigation against himself and continuous reprimand of an insubordinate employee do not entitle him to Title VII protection.  Nothing in Plaintiff's submissions indicates whether Plaintiff was discriminated against because of his race, gender, religion, etc., or whether the employer sought someone of roughly equivalent qualifications.  In an abundance of caution, the court relies on Rodriguez-Reyes by using the *prima facie* elements as a backdrop to assess plausibility in concert with any other factors counseling denial of the motion to dismiss.  The court finds no such factors. The pleadings are insufficient to plausibly entitle Plaintiff to relief under Title VII.  Plaintiff sought to reprimand a disrespectful employee, she complained of sexual harassment, and Defendant used the complaint as justification to terminate Plaintiff.  Plaintiff's complaint, however, is devoid of facts alleging any discriminatory animus and exhaustion of administrative remedies.

### B.    Retaliation

The First Circuit's holding in Rodriguez-Reyes allows a district court to consider the *prima facie* elements through a prism to shed light on the plausibility of entitlement to relief.  A *prima facie* retaliation case requires that (1) a plaintiff engaged in protected conduct; (2) experienced an adverse employment action, and; (3) there was a causal connection between the protected conduct and the adverse employment action.  See Kelley v. Corr. Med. Servs., 707 F.3d 108, 115 (1st Cir. 2013) (internal citations and quotations omitted).

Plaintiff alleges that Defendant retaliated against him for participating in the sexual harassment investigation in which he was the only suspect.  He claims this was protected conduct. (Docket No. 1 at 5.)  Participating in a sexual harassment investigation, albeit against one's self, seems to technically constitute protected conduct.  See Fantini v. Salem State Coll., 557 F.3d 22, 32 (1st Cir. 2009) (holding that protected conduct includes assisting or participating in *any manner* in an investigation, proceeding, or hearing under Title VII) (external citations omitted) (emphasis added).  Plaintiff, however, misconstrues the purpose of Title VII retaliation doctrine.  To "engage

**Civil No. 12-2041 (GAG)**

in protected conduct under Title VII's retaliation provision, an employee must step outside his ordinary employment role of representing the company and take action adverse to the company." Collazo v. Bristol-Myers Squibb Mfg., 617 F.3d 39, 49 (1st Cir. 2010). Plaintiff claims Defendant terminated him for his participation in the investigation. Plaintiff's conduct is not protected. Participating in an investigation against himself did not adversely impact his company or his standing within the company. Finding plausibility would open the door to all alleged sexual harassment suspects bringing Title VII retaliation claims by simply participating in their own investigations. This makes little sense. Title VII's retaliation prohibition does not apply to Plaintiff.

Taken in the light most favorable to Plaintiff, the facts indicate that Defendant used Abreu's sexual harassment claim as pretext to terminate Plaintiff, failed to afford him due process, and treated him unfairly and disrespectfully. To be sure, this seems suspect, particularly when the accuser was a heavily reprimanded, disobedient employee. Perhaps Plaintiff will find relief in his state law claims. These facts, both those within and separate from *prima facie* assessment, plausibly indicate that Plaintiff suffered discrimination and is entitled to relief under Title VII.

**IV.    Pendent State Claims**

"As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). In cases where the federal claims are dismissed, "the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity– will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. The use of supplemental jurisdiction in these circumstances is completely discretionary, and is determined on a case-by-case basis. Id. The court, in its discretion, **DISMISSES** all state law claims.

**V.    Conclusion**

For the aforementioned reasons, the court **GRANTS** Defendant's motion to dismiss. (Docket No. 9.) Accordingly, this case is **DISMISSED**.

5

**Civil No. 12-2041 (GAG)**

**SO ORDERED.**

In San Juan, Puerto Rico this 10th day of April, 2013.

/S/ Gustavo A. Gelpí

GUSTAVO A. GELPI

United States District Judge